UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOHNNIE JONES-GUNN,

Defendant.

CAUSE NO.   3:21-CR-49 DRL
3:24-CV-876 DRL

<u>ORDER</u>

In a *pro se* petition under 28 U.S.C. § 2255, Johnnie Jones-Gunn asks the court to vacate his sentence based on the decision in *New York State Rifle and Pistol Association v. Bruen*, 597 U.S. 1 (2022). A prisoner has one year from the date on which the judgment of his conviction becomes final to file a § 2255 petition. When a defendant chooses not to appeal, his judgment of conviction becomes final at the end of the period when he could have appealed. *Davis v. United States*, 817 F.3d 319, 325 (7th Cir. 2016); *see also Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004).

The court sentenced Mr. Jones-Gunn on August 12, 2022 for unlawfully possessing a firearm as a felon and entered judgment on August 15, 2022. He didn't appeal his sentence, and any notice of a direct appeal was required by August 29, 2022. This made August 29, 2023 the deadline to file a § 2255 petition. Mr. Jones-Gunn dated his petition October 17, 2024—well over a year after the deadline. Mr. Jones-Gunn doesn't explain the delay. The petition is untimely.

Even if the court were to reach the merits of Mr. Jones-Gunn's argument, no violation exists here. *See Strickland v. Washington*, 466 U.S. 668, 688 & 694 (1984) (requiring deficient performance and prejudice). He argues that 18 U.S.C. § 922(g)(1) is unconstitutional. This court has upheld § 922(g)(1)'s constitutionality under *Bruen*'s historical analysis, and Mr. Jones-Gunn gives the court no reason to reconsider that decision. *See United States v. Regalado*, 2023 U.S. Dist. LEXIS 231293 (N.D. Ind. Dec.

20, 2023). Furthermore, Mr. Jones-Gunn has convictions for burglary, attempted robbery, and battery resulting in bodily injury that make him a violent felon [26 ¶ 34, 36, 38]. The conviction he challenges here involved a vehicle pursuit, drugs, and a high-capacity magazine. Nothing in *Bruen* changed the government's power to protect the public by disarming Mr. Jones-Gunn or someone with his violent record. *See Regalado,* 2023 U.S. Dist. LEXIS 231293 at 633-34.

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, the court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Cases. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Based on the untimeliness of his motion, no reasonable jurist could debate whether this petition should be resolved in a different manner. The court DENIES Mr. Jones-Gunn's petition to vacate his sentence under 28 U.S.C. § 2255 [37] and DENIES a certificate of appealability. This order terminates the civil case [Cause No. 3:24-CV-876].

SO ORDERED.

October 30, 2024                                    *s/ Damon R. Leichty*
                                                   Judge, United States District Court